ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| CRISTINA M. VARGAS RIVERA<br><br>Recurrida<br><br>v.<br><br>BRYAN A. SANTIAGO SÁNCHEZ<br><br>Recurrente | KLRA202300499 | *Revisión Administrativa* procedente del Departamento de la Familia<br>ASUME<br>Sala Administrativa de Mayagüez<br><br>Núm. de caso en ASUME: 0570527<br><br>Sobre: Alimentos |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece el señor Bryan Santiago Sánchez (Sr. Santiago Sánchez o recurrente) mediante un recurso de revisión administrativa y solicita la revocación de la *Resolución en Reconsideración* emitida el 15 de agosto de 2023, notificada el día 21 siguiente, por la Administración de Sustento de Menores (ASUME o Agencia), Sala Administrativa de la Región de Mayagüez, adscrita al Departamento de la Familia. En el referido dictamen, ASUME declaró "no ha lugar" la reconsideración solicitada por el recurrente.

Adelantamos que, por los fundamentos que expondremos, desestimamos el recurso del título por falta de jurisdicción.

**I**

Como cuestión de umbral, debemos apuntar que, en su recurso de revisión administrativa, el recurrente solicitó que se le permitiera presentar el apéndice en fecha posterior.[1] A esos efectos, el 22 de septiembre de 2023, emitimos una *Resolución* interlocutoria, mediante la cual le concedimos "**hasta el martes 10 de octubre de 2023 a la parte apelante**

---

[1] Véase, Regla 59 (E) (2) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B.

Número Identificador
SEN2023_____

**para que [presentara] los documentos del apéndice** de su recurso." Transcurrido el término provisto, no cumplió con lo ordenado.

De todas formas, al tomar como cierto el tracto procesal esbozado en la causa del título, auscultamos que, como cuestión de derecho, carecemos de jurisdicción para atender la petición. Veamos.

El Sr. Santiago Sánchez alegó que, el 29 de marzo de 2017, la parte recurrida, la señora Cristina M. Vargas Rivera, presentó ante ASUME una *Petición de Pensión Alimentaria*, a beneficio de la alimentista B.J.S.V., quien para esa fecha tenía tres años de edad. En su escrito, el recurrente desglosó el siguiente trámite administrativo, al que hemos impartido énfasis:

[…]

2. El 9 de mayo de 2022, la Examinadora de Pensiones Alimentarias [en adelante EPA] recibió el documento titulado *Respuesta Estándar a Verificación de Empleo/Ingreso* de parte de la Compañía Cintas, ubicada en el estado de Louisiana, Estados Unidos de América.

3. El 23 de junio de 2022, la [EPA] envió al recurrente, Bryan A. Santiago Sánchez, por correo certificado con acuse de recibo, *Notificación de Alegación de Establecimiento de Pensión Alimentaria*. Cabe destacar que dicho documento postal, el PS Form 3811 suministrado en el descubrimiento de prueba, aunque **contiene la firma del recurrente**, no contiene la fecha en que el mismo fue recibido.

4. En fecha no especificada (Fecha no obra en el expediente y si obra no fue descubierto.), la [EPA] notificó, por correo ordinario, *Citación a Reunión [s]obre Procedimiento Administrativo Expedito* para el 1 de noviembre de 2022 a las 10:00 am.

5. **El 1 de noviembre de 2022 la Administradora de la ASUME por conducto de la [EPA] emitió *Resolución Dictada en Rebeldía [s]obre Establecimiento de Pensión Alimentaria*, sin la comparecencia del recurrente.** Se estableció una pensión alimentaria de $588.37 mensuales, efectiva desde el 26 de abril de 2017, estableciéndose una cantidad de $37,655.68 en atrasos con un plan de pago de [$]176.51 mensuales.

6. **El 15 de febrero de 2023** y referida a la Jueza Administrativa el 16 de febrero de 2023, **el recurrente, por conducto de su representación legal, presentó *Moción [s]obre Representación Legal y Reconsideración Legal y Reconsideración de la Resolución Dictada en [R]ebeldía*** y solicitando copia del expediente del caso.

7. **El 20 de marzo de 2023, se dictó Resolución decretando NO HA Lugar la reconsideración solicitada**.

[…].

Así las cosas, el Sr. Santiago Sánchez expuso también que, el 24 de marzo de 2023, instó un escrito intitulado *Segunda Solicitud de Copia de Expediente*. En respuesta, el 29 de marzo de 2023, la EPA envió al recurrente los siguientes documentos: (1) Planilla de Información Personal y Económica de la recurrida; (2) Respuesta Estándar a Verificación de Empleo/Ingreso provista por la compañía Cintas; y, (3) PS Form 381 del correo postal de los Estados Unidos.

Inconforme, el recurrente solicitó el examen del expediente del caso. La EPA le indicó que todos los expedientes eran digitales y que la información suministrada constituía los documentos pertinentes al caso. Todavía insatisfecho, el 19 de abril de 2023, el Sr. Santiago Sánchez instó *Moción de Reconsideración*.

En atención a lo peticionado, la Agencia celebró una vista de reconsideración el 1 de agosto de 2023, a la que compareció el recurrente y la Procuradora Auxiliar de Familia. Afirma el recurrente que la única prueba presentada fue su testimonio bajo juramento, el cual no fue controvertido por la Procuradora. El Sr. Santiago Sánchez aseveró que esta no presentó prueba testifical ni documental alguna. Así pues, el 15 de agosto de 2023, notificada el 21 de agosto de 2023, ASUME emitió una *Resolución en Reconsideración*, en la que decretó "no ha lugar" a la reconsideración solicitada.

No conteste, el 20 de septiembre de 2023, el Sr. Santiago Sánchez presentó el recurso del epígrafe y señaló los siguientes errores:

> Erró la Honorable Agencia al determinar que el recurrente recibió la notificación de la *Resolución en Rebeldía* en fecha distinta a la vertida por este, cuando la única prueba que desfiló en la vista, el testimonio bajo juramento del recurrente, no fue controvertida.

> Erró la Honorable Agencia Administrativa al emitir una resolución basada en prueba que no obraba en el expediente y si obraba no le fue descubierta a la parte recurrente violando así el derecho de este a un debido proceso de ley.

## II

## A

En su parte pertinente, la Sección 3.15, *Reconsideración*, estatuida en la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LAUG), 3 LPRA sec. 9601 *et seq.*, regula el término para presentar una solicitud de reconsideración ante el organismo administrativo adjudicador. Específicamente, dispone lo siguiente:

> **La parte adversamente afectada por una resolución** u orden parcial o **final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución** u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. **Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración**. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. […] (Énfasis nuestro.) 3 LPRA sec. 9655.

Si bien la solicitud de reconsideración no es jurisdiccional, toda vez que la parte afectada puede acudir directamente ante este foro intermedio, salvo que la ley orgánica de la agencia establezca otra cosa, el término de 20 días para presentar el pedimento de reconsideración sí es de naturaleza jurisdiccional, según estatuye la LPAUG. Véase, *Perfect Cleaning v. Cardiovascular*, 162 DPR 745 (2004). Por tanto, la presentación o notificación de una solicitud de reconsideración fuera de

dicho término priva de jurisdicción al ente administrativo y, por consiguiente, a este tribunal intermedio.

**B**

La Parte VII del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone todo lo concerniente con las revisiones administrativas. En particular, la Regla 59 versa sobre el contenido de los recursos de revisión judicial que incluye, en parte, lo siguiente:

.        .        .        .        .        .        .        .

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) **Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes**.

(b) […]

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) **Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia**.

(g) […] (Énfasis nuestro.)

De otra parte, es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Souffront v. AAA,* 164 DPR 663, 674 (2005). No poseemos la facultad de atribuirnos jurisdicción si no la tenemos, ni las partes en litigio no las pueden arrogar. *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Así pues, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede

así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.,* 158 DPR 345, 355 (2003).

Cónsono con lo anterior, nuestro Reglamento, nos concede facultad para desestimar, a instancia propia, un recurso cuando carecemos de jurisdicción. Ello así, porque **la jurisdicción es un asunto que debemos examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar**. *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997). En fin, las cuestiones de jurisdicción deben ser resueltas con preferencia.

En específico, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), dispone que, a iniciativa propia, este foro intermedio puede desestimar un recurso por cualesquiera de los motivos consignados en el inciso (B) precedente.[2] A tales efectos, el inciso (B) de la citada norma establece los siguientes fundamentos, a los que hemos impartido énfasis:

> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
>
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
>
> (3) **que no se ha presentado o proseguido con diligencia** o de buena fe;
>
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
>
> (5) que el recurso se ha convertido en académico.

**III**

En la causa de autos, el Sr. Santiago Sánchez nos solicita dejar sin efecto el pronunciamiento administrativo y ordenar a ASUME que señale una vista "para el establecimiento de una pensión alimentaria".[3] A pesar de su falta de diligencia al no incluir el apéndice del recurso, lo cierto es que, por sus propios dichos, indica que, **el 15 de enero de 2023, recibió la *Resolución Dictada en Rebeldía sobre Establecimiento de Pensión***

---

[2] 4 LPRA Ap. XXII-B, R. 83 (B).

[3] Véase, *Escrito de Revisión de Decisión Administrativa*, a la pág. 14.

*Alimentaria*, emitida el 1 de noviembre de 2022 por ASUME.[4] Enfatiza que así lo declaró en la vista de 1 de agosto de 2023 y que su testimonio no fue controvertido por la Procuradora Auxiliar de Familia. Asimismo, el recurrente sostiene en el escrito que, por conducto de su representación legal, **solicitó la reconsideración de la decisión administrativa el 15 de febrero de 2023**; esto es, 31 días de presuntamente haber recibido el dictamen de la Agencia. Según reseñamos, el término jurisdiccional para solicitar reconsideración de las resoluciones finales emitidas por las agencias administrativas que se rigen por el estatuto uniformador se extiende a 20 días. En consecuencia, a pesar de no contar con el expediente administrativo que el recurrente debió unir como apéndice, al adoptar el tracto procesal consignado por este, es forzoso concluir que carecemos de jurisdicción para atender su reclamo. Por tanto, al palio de la Regla 83 de nuestro Reglamento, *supra*, procede la desestimación del recurso.

**IV**

Por los fundamentos expuestos, se desestima la petición de revisión judicial por falta de jurisdicción.

**Notifíquese.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Del recurso se desprende que, según ASUME, notificó la *Resolución Dictada en Rebeldía sobre Establecimiento de Pensión Alimentaria* el 4 de noviembre de 2022; véase, *Escrito de Revisión de Decisión Administrativa*, a la pág. 13.